IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| V. | § | Cr. No. C-09-1018(2) |
| | § | |
| ANTHONY JACOB SANCHEZ. | § | |

**ORDER GRANTING**
**MOTION TO FILE OUT-OF-TIME APPEAL**

Pursuant to a plea agreement, on May 6, 2010, the Court sentenced defendant Anthony Jacob Sanchez ("Sanchez") to 52 months imprisonment in the Bureau of Prisons, followed by a three year supervised release term, and a $100.00 special assessment. Judgment of conviction was entered on May 10, 2010 (D.E. 61), and Amended Judgment was entered on June 18, 2010. (D.E. 63). Thereafter, Sanchez had 14 days from the date his amended judgment was entered, or until July 2, 2010, to file timely his notice of appeal. See Fed. R. App. P. 4(b)(1)(A)(i). Sanchez did not file a notice of appeal.

On July 27, 2010, Sanchez executed the instant "Motion to File Notice of Appeal Out of Time," and it is deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (document is deemed filed by a *pro se* prisoner when it is executed and delivered to prison authorities for mailing). Sanchez relates that, following his sentencing, he instructed his appointed counsel, Christopher Jenkins, to file a notice of appeal.[1] Id. at 1. He claims that, since May 19,

---

[1] In actuality, Sanchez makes two contradictory statements, writing: "Appointed counsel [sic] to be assured notice of appeal was to be filed. Sanchez was told no notice would be filed in [sic] his behalf." (D.E. 65 at 1). It is unclear whether Sanchez is claiming that his counsel assured him a notice of appeal would be filed or would not be filed. However, for purposes of this motion, the Court construes the statement as Sanchez believing a notice of appeal would be filed on his behalf.

2010, he has been transferred between five different facilities, finally arriving on June 16, 2010 to Big Spring, Texas where he then "recently learned no notice of appeal or appeal was timely filed." Id. at 2.

In considering motions for extension of time concerning appeals, the federal appellate rules provide:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).

The Fifth Circuit has recognized that an attorney's failure to file an appeal pursuant to a defendant's request would be ineffective assistance of counsel and would thus constitute excusable neglect for filing an untimely appeal. United States v. Clark, 193 F.3d 845 (5th Cir. 1999). As such, the Court finds that, because Sanchez' motion was filed within 30 days from the expiration of the time for filing a notice of appeal, and because he has sufficiently alleged excusable neglect, he is entitled to file an out-of-time appeal. Fed. R. App. P. 4(b)(4). Accordingly, Sanchez' motion to file an out-of-time appeal is (D.E. 65) is GRANTED. Sanchez has 14 days from the date of entry of this order to file his notice of appeal.

ORDERED this 14th day of September, 2010.

_____
Janis Graham Jack
United States District Judge